■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WARD, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the Supreme Court, Queens County, rendered January 24, 1964, convicting defendant of manslaughter in the first degree, upon his guilty plea, and imposing sentence, defendant appeals from an order of said court dated March 16, 1967 which denied the application without a hearing. Order affirmed. A defendant who knowingly and voluntarily pleads guilty to a crime in open court and

when represented by counsel may not subsequently seek to vacate the judgment of conviction based on a claim that he was inherently coerced to enter the plea because prior thereto a confession had improperly been obtained from him (cf. *People* v. *Dash,* 16 N Y 2d 493; *People* v. *Nicholson,* 11 N Y 2d 1067; *People* v. *Rogers,* 15 N Y 2d 690; *People* v. *Ross,* 26 A D 2d 773). The determination of the United States Court of Appeals for the Second Circuit, by a divided vote, in *United States ex rel. Dash* v. *Follette* (409 F. 2d 1016 [1969]), relied on by defendant's counsel as the basis for his contention that a hearing should have been allowed in this *coram nobis* application, does not support his contention, for the primary reason that that determination was reversed by the Supreme Court of the United States *sub nom. McMann* v. *Richardson* (397 U. S. 759). *A fortiori,* there is no basis for a reversal to allow a hearing in this case, because the record herein discloses that defendant knowingly and voluntarily, in open court and when represented by counsel, entered the guilty plea for the lesser crime; he admitted his guilt at that time; and he admitted that no promise or coercion had been made inducing him to enter the plea. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.